19 F.3d 18
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Pedro BERLANGA; Florinda Berlanga, Plaintiffs-Appellants,
v.
QUAD R. INVESTMENTS, INCORPORATED; Roche Featherstone,
Defendants-Appellees,
Federal Bureau of Alcohol, Tobacco & Firearms; Stephen E.
Higgins; Alex G. Laggis; Betty E. Pulliam;
Jacquelyn W. Stewart; Wallace J.
Warner, Defendants.
 No. 93-1727.
 United States Court of Appeals, Sixth Circuit.
 March 2, 1994.
 
 Before: KENNEDY and GUY, Circuit Judges; and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Pedro and Florinda Berlanga, appearing pro se, appeal a district court judgment dismissing their civil rights complaint construed to be filed under the doctrine announced in Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), and 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking equitable relief, the plaintiffs sued Quad R. Investment, Inc. (QRI), the president of QRI, the Bureau of Alcohol, Tobacco and Firearms (ATF), the ATF director, and various officials employed with the Michigan Liquor Control Commission (Liquor Commission). In a verified and confusing complaint, the plaintiffs essentially complained that the defendants, acting independently of each other, have each interfered with the plaintiffs' ability to operate their liquor business without due process. The plaintiffs alleged that: 1) the ATF and its director have not responded to their floor stocks tax return and that the regulations controlling the filing of the return are unconstitutional; 2) the Liquor Commission and its agents have terminated the liquor license for plaintiffs' business in violation of their due process rights; and 3) QRI and its president have interfered with plaintiffs' business operations by claiming an interest in the liquor license for plaintiffs' business.
 
 
 3
 Following a review of plaintiffs' amended complaint, the district court dismissed the complaint for lack of subject matter jurisdiction. The plaintiffs have filed a timely notice of appeal. On appeal, they argue that the district court should have liberally construed their complaint as asserting claims pursuant to 42 U.S.C. Sec. 1983.
 
 
 4
 Upon review, we affirm the district court's judgment for reasons other than those stated by the district court, see Foster v. Kassulke, 898 F.2d 1144, 1146 (6th Cir.1990), as we believe that the district court had subject matter jurisdiction over the complaint, but that it was nonetheless subject to dismissal for failure to state a claim.
 
 
 5
 Construing the complaint in the light most favorable to the plaintiffs, and accepting all factual allegations as true, we conclude that the plaintiffs undoubtedly can prove no set of facts in support of their claims that would entitle them to relief. See Fed.R.Civ.P. 12(b)(6); Meador v. Cabinet for Human Resources, 902 F.2d 474, 475 (6th Cir.), cert. denied, 498 U.S. 867 (1990); Dana Corp. v. Blue Cross & Blue Shield Mut., 900 F.2d 882, 885 (6th Cir.1990). Plaintiffs failed to state a due process claim against the ATF because the plaintiffs acknowledged that they did not properly file their floor stocks tax return; thus, no due process violation occurred. See Brickner v. Voinovich, 977 F.2d 235, 237 (6th Cir.1992), cert. denied, 113 S.Ct. 2965 (1993). The plaintiffs also did not possess a property interest in the license in question, see Board of Regents v. Roth, 408 U.S. 564, 577 (1972); Sanderson v. Village of Greenhills, 726 F.2d 284, 286 (6th Cir.1984), and their state law claims were properly dismissed given the unsubstantial nature of their federal claims. See Smith v. Dearborn Fin. Servs., Inc., 982 F.2d 976, 983 (6th Cir.1993).
 
 
 6
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.